[No. 21524. Department Two. January 10, 1929.]

THE STATE OF WASHINGTON, *Respondent*, v. FRANK H. BENTON, *Appellant*.[1]

*Tustin & Chandler*, for appellant.

*Chas. W. Greenough* and *Del Cary Smith, Jr.*, for respondent.

MAIN, J.—The defendant, by information, which contained two counts, was charged with the crime of grand larceny.

In the first count he was charged with buying, receiving and aiding in concealing and withholding "one gunny sack containing twenty-six boxes of cigars" of the value of $67.70, knowing that the property had been stolen. In the second he was charged with buying, receiving and aiding in concealing and withholding one bedstead and table base of the value of twenty-eight dollars, knowing the same to have been stolen.

[1]Reported in 273 Pac. 731.

The trial resulted in verdicts finding the defendant guilty of grand larceny upon the first charge, and of petit larceny upon the second. From the judgment entered upon the verdicts thus rendered, the defendant appeals.

The appellant was engaged in the retail coal business in the city of Spokane. He had in his employ one John Tobek, who at night slept in a room in the office.

It was the theory of the state that the appellant purchased the property mentioned in the information from one Santiago Compos, a Cuban, knowing or having reasonable ground to believe that Compos had stolen it.

It was the theory of the appellant that Compos had brought the property to his office, in his absence, and that Tobek had advanced or loaned him money thereon, and that the appellant had no knowledge of the transaction until he saw the property about the office, where it remained for some days.

There is evidence that the appellant took the bedstead and table base to a house owned by him, and which was then being vacated, and stored them there. There is also evidence that the gunny sack containing the cigars was caused by the appellant to be stored in the garage of one Mrs. S. A. Tweedy, an elderly lady, who was a customer of his.

The appellant complains because he says the court refused to instruct the jury upon his theory of the case. He requested this instruction:

"I instruct you that if you find from the evidence that the property referred to in Count II of the information, to wit, one ivory bed and one table base, were either bought or received by one John Tobek, and that at the time said Tobek bought or received the same, if you so find, he was not acting under authority of defendant to buy or receive the same for defendant,

but was acting for himself, then you must find defendant not guilty.''

The instruction was properly refused. It concludes, after reciting certain facts, that if the jury find those facts to be true, then they must find the defendant not guilty.

The jury could have found all the facts recited in the instruction to be true, and yet they would have been justified in finding the defendant guilty. Rem. Comp. Stat., § 2601, provides that every person who, knowing that property has been stolen, shall ''receive or aid in concealing or withholding'' the same, shall be guilty of larceny. Even though the property was received by Tobek, as the appellant contends, he yet could have been found guilty by the jury of aiding in concealing the same by reason of the fact that he caused the property to be removed from the office and stored in the places above mentioned. The instruction requested entirely omitted this element.

It is unquestionably the law that, when requested so to do, the court should instruct on the defendant's theory of the case, but this presupposes, when the instruction concludes with a direction to find the defendant not guilty, that the facts recited in the instruction, if found true by the jury, shall be a complete defense.

It was not error for the court to refuse to give the requested instruction.

■ The appellant also complains of the closing argument to the jury of the deputy prosecuting attorney. What was said in this argument was in reply to what the appellant's counsel had said in his argument and was therefore not error. The matter having been opened up by the appellant's counsel the deputy prosecuting attorney had a right to meet it.

The judgment will be affirmed.

FULLERTON, C. J., PARKER, and FRENCH, JJ., concur.