[No. 22001.   Department Two.   February 13, 1930.]

THE STATE OF WASHINGTON, *Respondent* v. JOHN DILLON, *Appellant.*[1]

*Robertson & Paine,* for appellant.

*Chas. W. Greenough* and *Del Cary Smith, Jr.,* for respondent.

FULLERTON, J.—The appellant Dillon was charged by an information containing two counts of having violated the liquor laws of the state of Washington. The jury at the trial found him guilty upon both counts, and also found that he had been four times previously convicted of similar violations. The appeal before us is from the judgment and sentence pronounced upon the verdict.

[1] Reported in 284 Pac. 1016.

The facts are not in serious dispute. On the morning of December 12, 1928, a police officer of the city of Spokane saw the appellant leave a place known as the Morris bar, located in the city named, and walk along the street for a short distance to a garage which he entered. In some three or four minutes, he was seen by the officer to come out of the garage, look up and down the street, and then walk back to the bar mentioned. The appellant was known to the officer to be an old offender against the liquor statutes, and known by him to have been previously convicted a number of times for such offenses; in fact, the officer had himself arrested him on some of the charges of which he was convicted. The officer placed himself in a position from which he could watch the places between which the appellant walked, and in the course of about an hour and a half saw him make four other trips between the bar and garage, in each of which he acted much in the same manner as he acted on the first trip.

On the next day, the officer mentioned, with another officer, went to the vicinity of the bar and garage and concealed themselves at a place from which they could see into the front door of the garage. They waited some four or five minutes, when they saw the appellant leave the bar, walk down to and enter the door of the garage. The appellant, after entering the door, proceeded directly towards the back end of the garage, and the shadows were such as to leave him invisible to them after he had proceeded for a short distance in that direction. They then went across the street and entered a building located between the bar and the garage. As the appellant passed the building on his way from the garage to the bar, they arrested him. On a search of his person, they found concealed thereon two half pint bottles containing moonshine whiskey.

Later in the day a search warrant was procured and the garage searched thereunder. The officers conducting the search found a quantity of moonshine whiskey concealed in an automobile stored in the garage; the whiskey being in containers of various kinds, among which were thirty-one half pint bottles similar to those taken from the possession of the appellant.

The facts, as they were developed at the trial, leave little doubt that the appellant was guilty of the offenses of which the jury convicted him, namely, that of carrying about with him intoxicating liquors for the purpose of unlawful sale, and that of unlawfully having in his possession intoxicating liquors. But he was arrested without a warrant of arrest, and at the trial the court permitted the state to introduce in evidence the intoxicating liquor taken from his person at the time of his arrest. Whether there was error in permitting this evidence to go to the jury, is the first and principal question discussed in the arguments.

The question hinges upon the lawfulness of the arrest. The law makes a distinction on the right to arrest without a warrant between misdemeanors and felonies. This distinction is stated by Judge Bridges in the case of *State v. Hughlett,* 124 Wash. 366, 214 Pac. 841, in the following words:

"In misdemeanor cases the officer may not arrest without a warrant therefor, except where the crime is being committed in his presence, or where he had actual knowledge that the person about to be arrested committed the crime. But in cases amounting to a felony, if the officer believe, and have good reason to believe, that a person has committed, or is about to commit, or is in the act of committing the crime, then he may arrest without a warrant. But the arresting officer must not only have a real belief of the guilt of the person about to be arrested, but such belief must be based upon reasonable grounds. Proper cause for arrest has often been defined to be a reasonable ground

of suspicion, supported by circumstances sufficiently strong in themselves, to warrant a cautious man in believing the accused to be guilty. An officer may not arrest simply because he has some fleeting idea that one may be about to commit a felony, but he must have a reasonable ground for his belief.''

The arrest in this instance was for the felony which the statute has denominated ''bootlegging,'' and if the arresting officers believed, and had good reason to believe, that the appellant was about to commit a felony, or was in the act of committing a felony, the arrest was lawful. The facts we have outlined, and it is our opinion that they amply justified the arrest. The officers, it is true, did not know, prior to the arrest, that the appellant had a supply of liquors in the garage which they saw him visiting, but they were officers of long experience in their line of work. They knew the practices of illicit dealers in intoxicating liquors. They knew that such dealers, more often than otherwise, kept their supply of liquors concealed at a place away from the place of the actual sale and delivery, and the fact that the officers in this instance, in order to justify an arrest, must have believed that the source of supply was in the garage, was not so far unreasonable as to warrant the court in declaring as matter of law that the belief was not justified. Since the arrest was lawful, there was, of course, no error in admitting in evidence at the trial the intoxicating liquor taken from the person of the appellant.

The appellant, after he had been informed against and before the trial, moved the court to suppress the intoxicating liquor as evidence against him, supporting his motion by affidavit. Counter affidavits of the officers were filed by the state, in which the officers stated that they told the appellant at the time of the arrest that they were arresting him for vagrancy,

stating further, however, that they actually arrested him in the belief that he was in the act of committing a felony; the concluding part of the affidavit of one of the officers being as follows:

"Affiant further states that, from his acquaintance with the defendant over a period of ten years, and his knowledge that the defendant had been frequently apprehended for violations of the liquor law, and the further fact that the defendant's actions on December 12 and 13, 1928, were suspicious, this affiant believed that the defendant was engaged in the commission of a felony, to wit, bootlegging, and that he was then about to carry into the Morris bar intoxicating liquor with intent to sell the same, which affiant believed he had on his person."

The appellant filed a reply affidavit in which he states that, at the time of his arrest, he was not informed by the officers arresting him "that he was under arrest for vagrancy," and that in fact "he was not arrested for vagrancy," but for the offense of having liquor in his possession, ascertained by the officers after his arrest. Based on this part of the record, the appellant argues, if we correctly understand him, that it conclusively shows that he was not arrested for the felony of bootlegging, but was arrested for the offense of vagrancy, and that the state is estopped from asserting that the arrest was for some other or different offense.

But we think that, if we take the affidavits of the officers, and not his own, as stating the truth, the contention he makes does not follow. Unquestionably, the statement of the officers to a defendant at the time of his arrest as to the cause of the arrest is competent to be shown where the cause of the arrest is a question at issue, but it is evidence only. Whatever may be the morals of the transaction, an officer may testify, and the state may show, that the cause for the arrest was

for an offense different from that the officer stated it to be to the person arrested. The question is one of fact for the trier of the facts, not one of law for the court. In this instance, it was a question for the jury.

There was no reversible error in the record, and the judgment will stand affirmed.

MITCHELL, C. J., MAIN, BEALS, and HOLCOMB, JJ., concur.