[No. 22151   Department One.   March 7, 1930.]

THE STATE OF WASHINGTON, *Respondent,* v. JULIUS
COHN, *Appellant.*[1]

*Samuel R. Stern* and *J. M. Schermer,* for appellant.
*Ewing D. Colvin* and *Ralph Hammer,* for respond-
ent.

TOLMAN, J.—Appellant was tried and convicted upon
a charge of sodomy.  From a judgment and sentence
based on a verdict of guilty as charged, he has ap-
pealed to this court.

The errors assigned are that appellant was denied a
fair trial because of the actions of the prosecuting at-
torney and because of the attitude and manner of the
trial judge.  Also, by supplemental assignment of
error, a question is raised as to the admissibility of
certain evidence.

[1]Reported in 285 Pac. 665.

645

The chiefly contested issue upon the trial was as to the identity of the guilty person, the appellant contending throughout that a mistake of identity was the cause of the charge being laid at his door.

The prosecutor, in the course of the trial, made certain statements to the effect that the Hebrew race had certain marked racial characteristics; that the accused was a Jew; and suggested that there might be other men of his race who look very much like him, and, on cross-examination, asked one of the witnesses upon this subject if she had ever lived in a Jewish neighborhood. Nowhere did these statements or suggestions go beyond calling attention to the physical characteristics of the race to which appellant belongs, for the apparently proper purpose of identification. There is no slightest ground for an inference that the prosecutor intended to cast discredit upon the race or to intimate in any degree that one of that race would be more likely than one of another race to commit the crime charged. The contest being upon the question of identity, it was proper to inquire of a witness as to her qualifications for judging identity among persons of similar physical characteristics and to call attention to such similarity.

As to the attitude and manner of the trial court, we can find in the record nothing whatever to criticize or condemn. His action throughout appears to have been above reproach and above any hint of suspicion. We do not find even a straw to grasp at in support of this assignment.

Appellant has endeavored to bring himself within the ruling of this court in *State v. Jackson*, 83 Wash. 514, 145 Pac. 470; and *State v. Heaton*, 149 Wash. 452, 271 Pac. 89, but the record wholly fails to support him in the attempt.

The appellant was arrested without a war-

rant, it is true, but the charge was a felony and the record clearly shows that the arresting officers had reasonable grounds for the belief that a felony had been committed, that appellant was the guilty person and therefore might lawfully make the arrest without a warrant. *State v. Hughlett,* 124 Wash. 366, 214 Pac. 841; *State v. Dillon, ante* p. 486, 284 Pac. 1016.

This was not a case where the officers were acting only on anonymous information so as to fall within the rule pointed out and distinguished in *State v. Knudsen,* 154 Wash. 87, 280 Pac. 922. Appellant was taken to the police station and there searched, and from his person was taken a written memoranda which, unexplained, tended strongly to connect him with the crime. There was no motion to suppress this item of the evidence before the trial, but when offered at the trial, a comprehensive objection was made to its admission. This objection was overruled and we think properly so. As we have already seen, the appellant had been lawfully arrested and the right to search a person under lawful arrest and take from him evidence tending to prove the commission of the crime charged is well settled. *State v. Hughlett, supra; State v. Deitz,* 136 Wash. 228, 239 Pac. 386.

The judgment must be and it is affirmed.

MITCHELL, C. J., PARKER, BEALS, and MILLARD, JJ., concur.