[No. 26824. Department One. November 26, 1937.]

THE STATE OF WASHINGTON, *Respondent,* v. E. R. LINDSEY *et al., Appellants.*[1]

[1]Reported in 73 P. (2d) 738.

*E. R. Lindsey,* for appellants.

*Ralph E. Foley, C. C. Quackenbush,* and *Leslie M. Carroll,* for respondent.

HOLCOMB, J.—Appellants were found guilty after a trial by the court and a jury of first degree forgery. The charging part of the information reads:

"That the said defendants, E. R. Lindsey and Elbert B. Lindsey, in the County of Spokane, State of Washington, on or about the 17th day of April, 1935, then and there being, did then and there wilfully, knowingly, falsely, fraudulently, unlawfully and feloniously utter and put off as true to F. E. Davis a certain false and forged writing, to-wit: the signature of R. A. Jacobs on an instrument in writing commonly known as a note in words and figures as follows:

" '$10,200                              April 2, 1935 19......

" '30 days after date we promise to pay to the order of L. M. Davenport ten thousand and two hundred Dollars at Guarantee Trust Bank of Chicago

" 'Value received,

" 'No. 34                              R. A. JACOBS

" 'Due May 2, 1935                     Asst. Cashier.'

and that the said defendants, E. R. Lindsey and Elbert B. Lindsey, then and there being, did then and there well know the said instrument of writing to be false and forged, and the same was then and there uttered and published by the said E. R. Lindsey and Elbert B. Lindsey with the intent then and there to injure and defraud the said F. E. Davis and other persons now unknown."

The jury found both appellants guilty as charged on June 11, 1937. Motions by appellants in arrest of judgment were denied on the same day. Both were sentenced on July 10, 1937, for indeterminate terms of not less than four years and not more than twenty years, to run concurrently with the terms in another case which had been numbered 11400 in that court and tried by the same judge.

No testimony was offered by appellants in their defense. The evidence is therefore conclusive, and all of it has been read. It is unnecessary to recite the evidence, for it was not only competent but conclusive.

The record shows a preposterous scheme to defraud anyone who would, for any sum from two hundred dollars to five hundred dollars, purchase a spurious draft or note for $10,200 drawn to L. M. Davenport, principal owner of the Davenport Hotel, in Spokane, as payee, allegedly given April 2, 1935, and drawn as payable at the Guarantee Trust Bank of Chicago by R. A. Jacobs, assistant cashier. The evidence is undisputed that there is no such bank in Chicago, and R. A. Jacobs, assistant cashier, is therefore a mythical person and an imaginary officer. The paper was so offered to F. E. Davis and to two others. Manifestly, L. M. Davenport would not be liable upon such a forged instrument. The evidence also conclusively shows that both appellants acted in concert throughout in the attempt to obtain this money unlawfully.

Those facts effectively dispose of appellants' assignment number four, somewhat out of order, that the court erred in denying their motions for a dismissal, challenge to the evidence, and in not granting their motions for a new trial on the ground that the verdict is contrary to the evidence.

Appellants first contend that the court erred in denying their motions to suppress evidence, namely;

the so-called note on which the prosecution is founded, on the ground that the use of that exhibit by the state under the circumstances by which the state obtained it is a violation of the rights, privileges and immunities guaranteed to them and each of them by Art. I, §§ 7 and 9, protection from unlawful search and seizure and from self-incrimination, and Art. I, § 23, prohibiting *ex post facto* laws, of the Washington constitution.

· In connection with this contention, it is argued that the arrest of appellants was illegal because made without a warrant, and the evidence taken from the persons of appellants under such an unlawful arrest could not be used in evidence.

The evidence conclusively shows that police officers of Spokane were informed of the attempt by appellants to utter and pass this spurious paper. On being so informed, two of them went to the Spokane hotel in Spokane where the elder Lindsey then was and at that time and place was attempting to negotiate the instrument for a small sum of two hundred or three hundred dollars to one Patterson. The officers therefore knew that this felony was attempted or about to be committed, and one of them so testified.

It has always been the law in this state that arrests may be made by a police officer without a warrant when they have reason to believe that a felony is about to be committed or attempted or has been committed. *State v. Symes*, 20 Wash. 484, 55 Pac. 626; *State v. Hughlett*, 124 Wash. 366, 214 Pac. 841; *State v. Dillon*, 155 Wash. 486, 284 Pac. 1016; *State v. Cohn*, 155 Wash. 644, 285 Pac. 665; *State v. Bantam*, 163 Wash. 598, 1 P. (2d) 861. The same general principles are laid down as universally recognized in 5 C. J. 398, §§ 28, 29 and 30.

The arrest being lawful, the right to search the person of the accused and the admissibility of the evi-

dence of such articles so found are beyond question. *State v. Britton,* 137 Wash. 360, 242 Pac. 377, 247 Pac. 9; *State v. Much,* 156 Wash. 403, 287 Pac. 57; *State v. Thomas,* 183 Wash. 643, 49 P. (2d) 28. Hence, there is no merit in that contention.

The second assignment of error is based on the refusal of the trial court to give appellants' oral request of a more elaborate instruction on the question of intent. The trial court gave two valid instructions on the question of intent, in the last of which he charged:

"You are instructed that with reference to the matter of 'intent', direct and positive testimony is not necessary for the proof of the intent required to be found in order to sustain the crime charged, but that it may be inferred by the jury from the facts and circumstances presented as evidence in this case, provided they are sufficient to satisfy you beyond a reasonable doubt of the existence of such intent."

These instructions correctly covered the law on the question of intent.

The third error assigned is based on the denial by the trial court of a new trial on the ground of misconduct of counsel for the state, in referring to certain instruments, which had been previously referred to by E. R. Lindsey in his argument to the jury, as not having been admitted, which had not been offered by either side. Appellant E. R. Lindsey, who made the argument, thus challenged the state for not putting them in evidence, and the trial court stated they would not properly belong in evidence, which was doubtless correct. They were not used by the state, nor by appellants.

Where remarks are provoked and invited by opposing counsel, it does not constitute error. *Oliver v. Taylor,* 119 Wash. 190, 205 Pac. 746; *State v. Benton,* 150 Wash. 479, 273 Pac. 731.

No abuse of discretion was shown in this instance by the trial court. *State v. Johnson,* 103 Wash. 59, 173 Pac. 723.

The fifth claim of error is that the court erred in holding that it had jurisdiction to issue process against appellants on the dates alleged in the information as the date of filing it for the alleged offenses of forgery committed, if at all, about April 16 and 17, 1935, under the laws of Washington as they existed on or about that date, and holding that it had jurisdiction to bring appellants into court and put them on trial, this being in violation of the provisions of the fourteenth amendment to the United States constitution and the rights guaranteed by Art. I, § 23, of the Washington constitution forbidding *ex post facto* laws, and Art. I, § 10, United States constitution.

The above contentions were all decided adversely to appellants in *State v. Hanlen,* 190 Wash. 563, 69 P. (2d) 806.

Assignment number eight, that the judgment and sentences under the old law are void, is akin to that made in number five and is untenable for the same reason.

Claim of error number six is that the court erred in putting appellants to trial before a jury which had been given information and instructions *de hors* the record, and in denying them a new trial by reason thereof.

This complaint appears to have been based upon a pamphlet which was distributed to the entire panel of jurors entitled "Primary Instructions to Jurors." This entire pamphlet has been read and there is nothing of a prejudicial nature therein. Appellants cite no authority in support of this claim of error, and we find none. At any rate, it does not appear to have been prejudicial to appellants.

Assignment number seven is based upon the giving of an instruction by the trial court, a part of which is quoted, reading:

"You are instructed that in order to convict the defendants of the crime charged herein, the state must prove to you beyond a reasonable doubt:   .   .   .
"(2)  That on or about the 17th day of April, 1935, .   .   ."

upon the ground that the same referred to an *ex post facto* law.

This is without merit under our determination upon assignments numbered five, six, and eight.

The record discloses no prejudicial error.

The judgment is affirmed.

STEINERT, C. J., MAIN, GERAGHTY, and SIMPSON, JJ., concur.

