[No. 27157.   Department One.   July 28, 1938.]

THE STATE OF WASHINGTON, *Respondent*, v. MADELINE JOHNSON, *Appellant*.[1]

*Oliver R. Ingersoll* and *P. C. Kibbe,* for appellant.

*Smith Troy, John S. Lynch, Jr.,* and *E. A. Philbrick,* for respondent.

[1]Reported in 81 P. (2d) 529.

546

SIMPSON, J.—The appellant and Peter Johnson, her husband, were charged, tried, and convicted of the crime of burglary in the second degree. After the verdict of guilty, motions in arrest of judgment and for a new trial were presented to the court and denied. The trial court then sentenced appellant to imprisonment in the state penitentiary. From the verdict of the jury and the judgment, this appeal is prosecuted.

Error of the trial court is assigned in refusing to dismiss the case or grant a new trial, in allowing the prosecuting attorney to make certain statements to the jury, in admitting evidence concerning another burglary, and in refusing to give certain instructions requested by the appellant.

Subsequent to the verdict of guilty, but prior to passing sentence upon Peter Johnson, he died.

This case was before this court in *State v. Johnson,* 192 Wash. 467, 73 P. (2d) 1342. The facts stated in that opinion are the same as those presented in this case, except those set out in the former opinion which related to a crime supposed to have been committed by the father of appellant. Some additional evidence is presented here which will be considered as we proceed.

Appellant contends that the court should have dismissed the action because there was no evidence produced which showed that appellant or her husband, who was with her at the time of the entry, opened or broke open the door of the house.

The evidence produced on behalf of appellant was to the effect that the lock on the door could not be opened with the pliers that appellant's husband gave to Mrs. Frerrero. However, a witness for the state testified that the lock could be broken or picked by the use of a screwdriver. Appellant admitted being

in the cottage with her husband, and it was proven that the burglar alarm sounded and that it could not be set off unless the door was opened.

Whether appellant's entrance to the house was effected by the use of the pliers or some other instrument, the testimony in the case and the circumstances were sufficient to take the case to the jury, and it was then a question for the jury's determination as to whether the house was broken into and entered for the purposes alleged in the information.

Appellant urges that the court erred in admission of testimony concerning the entry of the Dewhurst home on the 7th of January, 1937, three days before the time it is charged in the information the crime was committed, and that the evidence in that regard was admitted in order to prejudice the jury.

The only purpose of admitting the testimony concerning the entry on the seventh was to prove that the alarm was in good working order, and that the contents of the house were in their proper places and not piled in the middle of the floor as they were on the tenth, when appellant and her accomplice were apprehended. No attempt was made by the state to connect the appellant with the entry made on the seventh. There was no error in the admission of this testimony.

It is next contended that the prosecuting attorney in his closing argument to the jury made statements that were improper and so prejudicial as to call for the granting of a new trial.

The statements made by the prosecutor were in answer to arguments of appellant's counsel. The attorneys for the defense made an eloquent plea to the jury to consider the financial condition of the appellant, the hardships of her early life, and that she would have to go to the penitentiary if convicted. In answer to this argument, Mr. Troy, the prosecuting attorney,

suggested that the punishment in case of conviction would be left in the hands of Judge Wright.

We see no improper conduct on the part of the prosecuting attorney in the answer he made to the defense's argument. The record discloses that no objection was made to that argument of Mr. Troy, nor was any request made to the court that the jury should be instructed to disregard the statement.

The other argument complained of was made in answer to criticism made by appellant's counsel of police officers who had testified concerning statements made by appellant's husband shortly after he was apprehended on the tenth of January.

Mr. Troy spoke of an officer in Lewis county who had recently been killed by escaping burglars, and stated that he believed the murdered officer had, on many occasions, been attacked by defense attorneys after he had testified in criminal cases. In this statement, he made no attack upon the appellant, nor did he intimate that appellant was in any way concerned in the crime committed in an adjoining county.

The only objection made at the time of the argument was by defense counsel Kibbe, when he said: "I wanted to withhold this exception, but this is going beyond what is in the record." This objection did not call in question the error complained of, nor did counsel ask the court to strike it and advise the jury to disregard it.

The arguments were made in answer to statements by appellant's counsel, and cannot be complained of by appellant for the reason that he invited the statement made by the prosecutor.

Speaking on this subject we said in the case of *State v. Benton*, 150 Wash. 479, 273 Pac. 731:

"The appellant also complains of the closing argument to the jury of the deputy prosecuting attorney.

What was said in this argument was in reply to what the appellant's counsel had said in his argument and was therefore not error. The matter having been opened up by the appellant's counsel the deputy prosecuting attorney had a right to meet it."

See, also, *State v. Birch,* 183 Wash. 670, 49 P. (2d) 921; *State v. Lindsey,* 192 Wash. 356, 73 P. (2d) 738.

█ Whether a new trial should be granted because of alleged misconduct of counsel is largely within the discretion of the trial court, and will not be disturbed except in case of manifest abuse of discretion. We find no such abuse here. *Johansen v. Pioneer Mining Co.,* 77 Wash. 421, 137 Pac. 1019; *State v. Johnson,* 103 Wash. 59, 173 Pac. 723.

The last contention made by appellant relates to the refusal of the court to give requested instructions.

We have examined with care the instructions given by the trial court to the jury, to which no objection or exception was made by the appellant, and we find that the court clearly and properly instructed the jury upon each phase of the law applicable to the case, including those suggested by appellant's proposed instructions. The case was fairly and properly conducted without error.

The judgment is affirmed.

STEINERT, C. J., MAIN, HOLCOMB, and GERAGHTY, JJ., concur.