[No. 38000. Department One. February 10, 1966.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT CLEMENT STUDEBAKER, *Appellant*.*

*Reported in 410 P.2d 913.

*Benn Agor,* for appellant.

*Charles O. Carroll* and *Kenneth O. Eikenberry,* for respondent.

HUNTER, J.—The defendant (appellant), Robert Clement Studebaker, was convicted of committing the crime of in-

decent liberties upon an 8-year-old girl, hereinafter referred to as the minor child. The defendant's motion for arrest of judgment and in the alternative for a new trial was denied. Defendant appeals.

The defendant first contends there was insufficient evidence of sexual molesting of the minor child to support the defendant's conviction of the crime of indecent liberties.

We disagree. The evidence shows that the Pierce family (the minor child's family) had been friends of the defendant and his family for several years; that on occasions the defendant would visit the Pierce household and take the minor child back to his residence to visit with his daughter; that on some of these occasions, between June 1, 1963 and April 6, 1964, the defendant would detour from his route home and stop at a vacant house, where the indecent liberties were asserted by the minor child to have occurred. We need not detail the testimony of the minor child other than to say that we have considered it and the jury was clearly entitled to conclude therefrom that the defendant's conduct was such as to constitute the commission of indecent liberties upon this child.

▉ Defendant assigns error to the failure of the trial court to grant the defendant's motion to strike the complaining witness' testimony as being incompetent under RCW 5.60.050, which states:

The following persons shall not be competent to testify:

. . . .

(2) Children under ten years of age, who appear incapable of receiving just impressions of the facts, respecting which they are examined, or of relating them truly.

The record discloses that the trial court examined the minor child in the absence of the jury with reference to her schooling, her understanding of right and wrong and her general capacity to understand, whereupon it concluded she was qualified to testify under the statute. This determination was within the discretion of the trial court (*State v. Ridley*, 61 Wn.2d 457, 378 P.2d 700 (1963); *State*

*v. Collier*, 23 Wn.2d 678, 162 P.2d 267 (1945)), which we are satisfied was properly exercised.

The defendant argues, however, that there was a continuing objection to the minor child's capacity as a witness, and that her answers on cross-examination were so vague that his motion to strike her testimony should have been granted. Again, passing upon this motion was a matter within the court's discretion, which was not abused.

The defendant contends there were cumulative comments by the trial judge upon the defendant's evidence which were prejudicial to the defendant's case.

■ We have examined the first two remarks of the trial judge addressed to counsel, to which the defendant objects, and find them to constitute statements giving the reasons for his rulings without indicating that the court believed or disbelieved the testimony. We find the statements under the circumstances did not constitute comments on the evidence and were not prejudicial.

The defendant contends the following statement of the court was a comment on the evidence after defendant's counsel had asked Mr. Pierce whether trouble had started between the defendant and Mr. Pierce at a time when Mrs. Pierce and her two children had gone to defendant's house in order to "get away" from her husband.

THE COURT: There has not been any proof there has been bad blood between the two. But you answer the question if you can.

■ We agree that the comment was not necessary; however, it was a correct statement on the basis of the record. Any impression the jury may have received as to the court's impression of the evidence was dispelled by the instruction thereafter given on the outline of issues and instructions Nos. 10 and 11, wherein the court disclaimed having made any comment on the evidence, stating it had no right to comment on the evidence and any impression the jury may have received that the court believed or disbelieved any of the testimony in the case should be disregarded. The jury is presumed to have followed the

court's instructions. *State v. Costello,* 59 Wn.2d 325, 332, 367 P.2d 816 (1962).

■ The defendant further contends the trial court commented unfairly when limiting defense counsel's further inquiry as to the hours the defendant contended he was at work, during which time the crime was alleged to have been committed. The court stated:

> We have gone over that three times. He has given the time, Mr. Agor.

This remark did not constitute an expression of the court's belief or disbelief of the testimony. It was a proper limitation of unduly repetitious questioning.

■ The final remark of the court, to which the defendant objects, was made in the absence of the jury. Defendant's objection is therefore without merit.

The defendant argues, however, that the accumulation of these comments was prejudicial. We are satisfied that the exhaustive instructions given to the jury in the instruction on the outline of issues and instructions Nos. 10 and 11, as heretofore stated, cured any error in this regard.

The defendant contends the court erred in giving instruction No. 9, concerning admissions, as it was not supported by any evidence in the record. The defendant argues that the only possible evidence of an admission related to the following testimony of a telephone conversation between the minor child's father and the defendant:

> Q. I would like to direct your attention back to about April 7 or April 8 of this year. Did you make a telephone call to the defendant in this case, Robert Studebaker? A. Yes, I did. Q. Why did you make that call? A. Because the night before my wife informed me that Mr. Studebaker had been—approached my daughter in the wrong way. Q. Now, Mr. Pierce, have you, yourself, ever talked to your daughter about this matter? A. The only thing that I have ever talked to her about was to tell her to be calm and let you people handle it. Q. Will you tell us the manner in which you called the Defendant Studebaker; where did you call? A. I called his home. Q. Do you know who answered? A. I don't remember whether one of the kids answered it or he answered it.

But I talked to him. Q. Have you known Mr. Studebaker long? A. Oh, somewhere in the neighborhood of six or seven years, maybe a little longer, maybe a little shorter. Q. Were you able to recognize his voice on the telephone? A. Yes, I was. Q. Mr. Pierce, what did you say to the Defendant Studebaker? A. I said, "Bob, Grace—Marty [the minor child] talked to Grace last night." Q. What did he say in reply to that? A. "I am sorry." That was all. Q. Was there any further conversation on your part? A. Yes, I informed him that he was to stay away from the immediate vicinity of my home, and again his only answer was, "I am sorry." Q. Did you say anything further? A. Well, I think I told him that he would be smart if he stayed out of town. Q. Was there any reply to that? A. "I am sorry."

■ The defendant argues that the answer, "I am sorry," to the statements of the minor child's father in no manner resembles an admission. We disagree. The conversation taken in complete context, with the demands by the father that this friend of the family not come to his house again and that he should stay out of town, raises the inference of an admission of guilt by defendant's lack of indignation and by the answer given. In *State v. Bauers*, 25 Wn.2d 825, 842, 172 P.2d 279 (1946), we said:

> [W]hen a statement is made in the presence and hearing of one who is later charged with the crime, the statement being accusatory or incriminating in character, and the statement is not denied by him, both the statement and the reactions thereto, if any, are admissible at the trial as evidence of the defendant's acquiescence in the truth of the statement. *State v. Redwine*, 23 Wn.(2d) 467, 161 P. (2d) 205.

Also, see 2 Wharton, Criminal Evidence § 657, 1093 (11th ed.).

■ The defendant further contends the trial court erred in failing to give his proposed cautionary instruction No. 1, to the effect that the crime with which the defendant is charged is particularly odious, and the same degree of proof is required in such a case as in any other criminal case; that this is especially necessary where, as contended by the defendant, there is no corroboration of the complaining witness' testimony.

We find no authority in this state requiring that such a proposed instruction be given in a case of this nature. The degree of proof required to convict the defendant was adequately set forth in the instructions given.

■ The defendant contends the trial court erred in failing to give his proposed instruction to the effect that where there are two hypotheses that can reasonably be drawn from the evidence, one leading to innocence and the other leading to guilt, the former hypothesis must be followed.

This type of instruction is properly given in cases where there is circumstantial evidence and inconsistent inferences of the defendant's guilt or innocence may reasonably be drawn therefrom. Such a case is not before us. The jury was adequately instructed under the facts in this case upon the degree of proof required, that it is the state's burden to prove beyond a reasonable doubt each and every element of the crime charged against the defendant. The court did not err in refusing to give the proposed instruction.

The defendant finally contends that the remarks of the prosecuting attorney in his closing argument, relative to the failure of the defendant to prove his character and reputation, constituted prejudicial error, since the character of the defendant was not put in issue during the trial of the case; that the trial court erred in failing to grant the defendant's motion to instruct the jury to disregard the statement or to declare a mistrial.

The character of a defendant in a criminal case is not open to inquiry unless he himself puts it in issue. *State v. Ternan*, 32 Wn.2d 584, 203 P.2d 342 (1949). However, in the instant case, the state argues that the error was invited. The sequence of the jury arguments was as follows. The defendant's counsel argued:

You have another situation, and that amounts to this. The state makes their allegation, and the defendant doesn't sit down on his heels, and he isn't broke, and he isn't a bum, and he isn't a convict. He takes the stand, and he puts in a defense, an aggressive moving forward. He says, "No, I didn't do this, and I will show you I

didn't do it. I don't have to show you anything, but I am going to. I am going to make a defense." He puts on his case, and he puts on his witnesses. He does something else. He puts his entire past right on the line.

. . . .

If a man comes in and puts on a defense, puts his character and his reputation, that of his wife and children, on the line . . . .

The prosecutor in his rebuttal argument stated:

They say, "Are you going to accept this word over the testimony of a defendant who takes the stand and puts on witnesses and puts his character on the line?" Did he do that? Was there an opportunity to inquire into the character of this individual? What happened to these witnesses that he mentioned earlier, Al Moe, James Pritchard, Marguerite Young, and Mr. Keogh? What happened to those witnesses?

There was no testimony here about the character of this defendant. Let there be no mistake about that.

 The motion of the defendant to instruct the jury to disregard the argument or to declare a mistrial was made after the jury had retired. The granting of the motion to further instruct the jury at this juncture in the trial was within the discretion of the trial judge, which we do not find to have been abused. Where improper remarks are provoked or invited by opposing counsel they do not necessarily constitute error. *State v. Benton*, 150 Wash. 479, 273 Pac. 731 (1929); *State v. Lindsey*, 192 Wash. 356, 73 P.2d 738 (1937); *State v. Johnson*, 195 Wash. 545, 81 P.2d 529 (1938). The objectionable remarks of the prosecutor were invited by defense counsel's arguments and were not so prejudicial as to have denied defendant a fair trial. Therefore, we cannot say the trial court erred in failing to grant the defendant's motion for a mistrial.

The defendant argues, however, that the prosecutor exceeded all bounds by mentioning the names of the witnesses which the prosecutor inferred the defendant had failed to call as character witnesses in the case. The record shows the defendant read the names of these persons he intended to call as witnesses on the voir dire examination of the jury, but did not state for what purpose they would be called.

They were not called by the defendant to testify at the trial. The witnesses may or may not have been character witnesses; however, from the thrust of the defense counsel's argument the prosecutor was entitled to infer that he did have character witnesses available. Whether they were those named or others under the circumstances was not of such significance as to change the import of the prosecutor's argument that none were called.

We are satisfied from our consideration of the record in its entirety that the defendant was afforded a fair trial. The judgment of the trial court denying the defendant's motion for arrest of judgment and in the alternative for a new trial is affirmed.

ROSELLINI, C. J., HILL and HALE, JJ., and COCHRAN, J. Pro Tem., concur.

---

March 31, 1966. Petition for rehearing denied.

\*Reported in 410 P.2d 901.