[No. 3024. Decided January 9, 1899.]

THE STATE OF WASHINGTON, *Respondent,* v. ALFRED J. SYMES, *Appellant.*

HOMICIDE—RESISTING ARREST—EVIDENCE.

Under the statutes of this state, as at common law, an officer may, without a warrant, arrest a person against whom he knows there is a charge of felony pending in another county.

The illegality of an attempted arrest constitutes no defense for the killing of the person making the arrest, but renders the one committing the homicide guilty of manslaughter.

Upon the trial of a defendant charged with killing an officer while resisting arrest, where the officer had cause to suspect the defendant, evidence that the defendant was innocent of the crime for which the arrest was attempted, is inadmissible.

The admission in evidence of the warrant upon which the accused was arrested, is not erroneous, even if void upon its

face, in a prosecution for killing an officer who had arrested the defendant upon the charge alleged in the warrant.

Appeal from Superior Court, Whitman County.—Hon. WILLIAM McDONALD, Judge. Affirmed.

*M. O. Reed* (*Wyman & Neill,* of counsel), for appellant.

*O. R. Holcomb,* Prosecuting Attorney, and *W. W. Zent,* for The State.

The opinion of the court was delivered by

GORDON, J.—This is a second appeal. On the former hearing a judgment of conviction of murder in the first degree was set aside. 17 Wash. 596 (50 Pac 487). The present appeal is from a conviction of manslaughter. The motions of the prosecuting attorney to strike the statement of facts and also to dismiss the appeal are considered as being without merit, and they are denied. There are nine specific assignments of error. The first, second and third relate to instructions given by the court and excepted to by the appellant. The fourth, fifth and sixth relate to the admission and rejection of evidence at the trial. The seventh, eighth and ninth refer to instructions requested by the appellant, and refused by the court.

It appears that in 1895 the deceased was a qualified and acting constable of the county of Lincoln; that in June of that year a complaint on oath was made before a justice of the peace for Adams county, which adjoins Lincoln, charging the appellant with the crime of grand larceny, and that a warrant was thereupon issued and subsequently delivered to the sheriff of that county for service, and that the sheriff thereupon notified the deceased that he held such warrant. About three weeks after the issuance of the warrant, and about four days after the deceased had been notified by the sheriff that he held the same, the deceased

met the appellant in the town of Sprague, in Lincoln county, and proceeded to place him under arrest, the appellant submitting thereto under protest. The evidence is conflicting as to whether the appellant requested the deceased to take him to the town of Ritzville, in Adams county (the county in which the charge was pending), or whether he was compelled by the deceased to accompany him, but at all events the deceased started with his prisoner for that place. They journeyed upon horseback, the horse that appellant rode being tied to the saddle of deceased. At the time of his arrest the appellant delivered to the officer a revolver, but retained a second revolver, which was concealed in an inner pocket. At a point on the road about midway between the two towns, the appellant killed the officer, and thereupon fled the country. There were six bullets fired into the body of the deceased; three were in the right shoulder blade from the rear, one in the right hip and one in the left hip, both fired from the rear, and the sixth in the right cheek. The theory of the defense is that the deceased made a pretense of arresting appellant for the purpose of enabling him to get appellant out of town and there kill him, that there was enmity between them, that Conlee was acting without a warrant, that the arrest and detention of the appellant was illegal, and that the killing was in lawful defense of his life and liberty.

The first question we will consider is the right of an officer, acting without a warrant, to arrest a person against whom he knows there is a charge of felony pending in another county. To a better understanding of the appellant's position in this respect, we set out the instructions which were requested by him:

" 1. No officer or person has the right in this state to arrest another without he has a warrant then in his possession for that person's arrest; except where the crime for which the arrest is made is committed in his presence,

and then only on immediate and continued pursuit of the person committing the crime, and any arrest made without a warrant, except in the case where the crime is committed in his presence, and on immediate and continued pursuit, is an illegal arrest.

" 2. It matters not that a warrant may in fact have been issued for the arrest of the person so arrested, no person can claim the protection of such warrant in making an arrest under it, unless he has it in his possession, and an officer making an arrest, must inform the defendant that he acts under authority of a warrant, and must also show the warrant, if required.

" 3. An arrest without a warrant being illegal, any person whom an officer attempts to arrest, except where the crime was committed in his presence, as before stated, having in his possession no warrant of arrest for such person, may lawfully resist such attempted arrest, and in so resisting, may use all the necessary force to resist such an attempted arrest as is necessary for that purpose; and in so doing he violates no law of the state of Washington."

We think these instructions were properly refused. At common law an officer had the right, and it was his duty, even without a warrant, to arrest for a past felony. Wharton, Criminal Pleading and Practice (9th ed.), § 8; 1 Bishop, New Criminal Procedure, § 181. The rule is thus stated by Wharton, § 8, *supra:*

" Sheriffs, constables, and officers of the police, are not only authorized to arrest public offenders without warrant, but are required to do so, if there be reasonable ground for suspicion."

The distinction between an arrest made by a private person and one made by an officer acting without a warrant for a past felony is stated by Bishop (1 New Criminal Procedure, § 181, subd. 2), as follows:

" Should the one arrested not be proved guilty, the private person will not be justified unless an offense had been committed by some one; while the officer is justified though

no offense had been committed; yet both must have had reasonable cause to suspect the one apprehended."

The rule of the common law on this subject has not been modified or abrogated by the legislation of this state. Bal. Code, § 6869 (1 Hill's Code, § 1557), which authorizes the magistrate issuing a warrant to indorse thereon an order authorizing service thereof by telegraph, and which makes it the duty of the officer receiving such telegraphic copy to arrest the person therein named, is permissive and not restrictive. It is not to be supposed that the legislature intended to alter the rule of the common law which authorizes a peace officer without a warrant to arrest for a past felony a person whom he knows to be accused thereof. It would be most unfortunate, if such were not the law; and the facility for escape which any different rule would afford is a sufficient reason for assuming, in the absence of express legislation, that the legislature was content with the rule of the common law. Upon this phase of the case we think the court correctly charged the law in the following instruction:

" You are further instructed, that under the law of this state, any qualified and acting constable is authorized to arrest any person whom he finds within his county, either upon a warrant in his possession, or when he has knowledge that a warrant has been issued upon a charge of felony by proper authority in any county within this state; and if a warrant for a felony has been issued by proper authority in any other county than the one for which and in which said constable is acting, he is authorized, under the law, to detain the person so arrested by him and notify the officer holding the warrant in the neighboring county of his arrest; and if a party, so arrested upon a warrant for an alleged felony, requests the constable so arresting him, to convey him to the county where the alleged felony has been committed, then the constable is authorized, under the law, to take the person so arrested to the neighboring county and turn him over to the officer holding the war-

rant in said neighboring county; and the prisoner is not authorized by law to resist said officer while said constable is conveying him to the county where the crime is alleged to have been committed, providing that the constable acts in perfect good faith in so arresting him and conveying the prisoner, and with no other object in view than that to apprehend and take into custody a person whom he knows to be charged with a felony and for whom he knows there is an unexecuted warrant for such person's arrest. And if you find from the evidence in this case that the deceased, Louis A. Conlee, on the 24th day of June, 1895, knew that there was an unexecuted warrant in existence in Adams county, Washington, for the arrest of the defendant, Alfred J. Symes, for a felony alleged to have been committed in Adams county, Washington, and you further find that the deceased Louis A. Conlee was then a qualified and acting constable in Lincoln county, and that upon said 24th day of June, 1895, the said Louis A. Conlee, as a constable of Lincoln county, acting upon his knowledge of the existence of the warrant for the arrest of the defendant, did then and there arrest the defendant, and you further find that the defendant consented to go with the said Louis A. Conlee from Lincoln county to Adams county, then the court instructs you that the defendant had no right to resist the said Louis A. Conlee on the road from Lincoln county to the point of their destination in Adams county, and in resisting him, the said Louis A. Conlee, to shoot and kill him, if you find from the evidence that he did shoot and kill him, unless such shooting was done by the defendant to protect his own life or to save himself from great bodily injury."

But, while the decision of this question becomes important in determining the proper course of criminal procedure, its importance in this case is not so apparent, because, if it is conceded that an arrest without a warrant is illegal, it does not follow that a person resisting such arrest may lawfully kill the one so attempting it. While the illegality of the attempted arrest might affect the degree of the homicide, it would not constitute a defense to

the killing. The general rule is that a homicide committed in resisting an illegal arrest is manslaughter merely.

While there are cases to be found in which it is held that a person may lawfully kill, rather than submit to an unlawful arrest, we think they are not in harmony with the great weight of authority on the subject, and reason and good sense forbid the use of a deadly weapon, unless in defense of life, or to avoid great bodily harm. *Roberts v. State,* 14 Mo. 138 (55 Am. Dec. 97): *Rafferty v. People,* 69 Ill. 111 (18 Am. Rep. 601); 2 Bishop, Criminal Law, § 652; 1 Bishop, Criminal Law, § 868; 1 Wharton, Criminal Law (9th ed.), § 414; 1 Wharton, Criminal Pleading and Practice (9th ed.), § 13; Kerr, Homicide, §§ 98, 189.

See, also, 1 Am. & Eng. Enc. Law, p. 751, and the authorities there cited.

The reason for the rule is stated in *Briggs v. Commonwealth,* 82 Va. 564, as follows:

" In principle, life and liberty stand on substantially one foundation, life being valueless without liberty. And the reason why a man may not oppose an attempt on his liberty by the same extreme measures permissible in an attempt on his life, may be because liberty may be secured by a resort to the laws. . . . So, one who, excited in resisting the outrage of an illegal arrest, kills the aggressor with a deadly weapon, commits only manslaughter, unless acting from express malice."

Of this rule which holds that an attempt to take away one's liberty may not be resisted to the death, Bishop says:

" If one, even an officer, undertakes to arrest another unlawfully, the latter may resist him. He has no protection from his office, or from the fact that the other is an offender. But the doctrine already stated *that nothing short of an endeavor to destroy life or inflict great bodily harm will justify the taking of life, prevails in this case;* so that if the person thus being unlawfully arrested kills

the aggressor in resisting, he commits thereby the lower degree of felonious homicide called manslaughter. . . . And the reason why a man may not oppose an attempt on his liberty by the same extreme measures permissible in an attempt on his life, appears to be because liberty can be secured by a resort to the laws. 1 Bishop, Criminal Law, § 868.

In contemplation of the verdict, it will be seen that the failure to charge, in the language of appellant's request, that "no officer or person has the right in this state to arrest another without he has a warrant," etc., worked no prejudice, because, if the law is correctly stated in the request,—which we do not concede,—the only purpose the instruction could serve would be to reduce the homicide to the degree of manslaughter.

At the trial the defendant offered to show that he was not, in fact, guilty of the larceny charged against him. The testimony was rejected, and we think properly so. It being conceded that the deceased was an officer, he was not obliged to know that the defendant was in fact guilty of the charge alleged against him; but it was sufficient, at the most, that he knew of the pendency of the charge and of the outstanding warrant.

Over the objection of the appellant, the court permitted the warrant to be given in evidence. Appellant urges that the warrant is void upon its face, because it does not run in the name of the state of Washington, as required by § 27, art. 4, of the constitution, and for the further reason that the warrant does not charge an offense. These objections cannot avail the defendant. *Boyd v. State,* 17 Ga. 199. And, under the authorities above cited, the killing would be manslaughter, even if the warrant was absolutely void.

Upon the subject of self-defense we think the charge of the court was full and fair. The sufficiency of the evi-

dence is not questioned on this appeal,—at least, there is no assignment or specification of error in that particular. The verdict is amply supported by the evidence,—indeed, we think it as favorable as the defendant could have expected,—and the judgment of conviction must be affirmed.

SCOTT, C. J., and DUNBAR, REAVIS and ANDERS, JJ., concur.