[No. 17641.    Department One.    April 19, 1923.]

THE STATE OF WASHINGTON, *Respondent,* v. JOHN HUGHLETT *et al., Appellants.*[1]

ARREST (6)—WITHOUT WARRANT—AUTHORITY. Under the rule that peace officers may arrest without a warrant for a misdemeanor committed in their presence, and for a felony upon belief based upon reasonable grounds, an arrest may be made without warrant of persons reported to be bootlegging, who were followed and seen to enter a house and come out with a suit case, and were arrested with a suit case and sack filled with bottles of whiskey in their car.

INTOXICATING LIQUORS (53)—SEIZURES—VALIDITY—AUTHORITY IN ABSENCE OF SEARCH WARRANT. Where, upon an arrest of a person suspected of bootlegging, a search may be lawfully made of his person, a search may be made of his suit case and automobile, then in his possession, without the issuance of any search warrant therefor.

CRIMINAL LAW (216)—TRIAL—CONDUCT OF JUDGE—COMMENT ON EVIDENCE. It is not an unlawful comment on the evidence for the court, in giving his reason to counsel for the admission in evidence of the contents of bottles, to remark that it is sufficient if the witness can say it is whiskey, and that a chemist could be called if this was disputed; or that the jury could find therefrom that it was whiskey, or that the statute defines what whiskey is.

Appeal from a judgment of the superior court for Whatcom county, Brown, J., entered February 11, 1922, upon a trial and conviction of the crime of bootlegging. Affirmed.

[1]Reported in 214 Pac. 841.

*S. M. Bruce,* for appellants.

*The Attorney General, Loomis Baldrey, E. D. Kenyon,* and *Edwin Gruber,* for respondent.

BRIDGES, J.—Defendants were charged with bootlegging and were found guilty of unlawful possession, by a jury. They have appealed from the judgment of sentence.

During the trial, certain whiskey which had been taken at the time of the arrest was received in evidence, over the objections of the appellants. The sheriff, as a witness for the state, had previously testified that he did not have any warrant for the arrest of the appellants, nor did he have any search warrant.

It is necessary to recite some of the facts. For sometime before the arrest, as hereinafter stated, the sheriff and his deputies had suspected that the appellants were engaged in bootlegging. They had been watching them, and had followed one or both of them on other occasions and had observed their conduct and actions. Reports had come to the sheriff's office that they were engaged in the liquor traffic. On the day of the arrest, the appellants were seen by the sheriff's force to be driving an automobile. Their actions were suspicious and mysterious. They stopped at a house, and a man brought therefrom a suitcase, which was put in the automobile. The appellants then drove to the outskirts of the city of Bellingham. Meanwhile the peace officers were following them. As the appellants were returning to the city, they were stopped by the sheriff's force and put under arrest, a deputy was put in the appellants' car and they were required to, and did, drive to the city jail. There the appellants were put in jail, and at once thereafter the sheriff's men took from the appellants' automobile a suitcase and one sack, both well filled with bottles of whiskey.

It is contended, in the first place, that the officers had no authority to take the whiskey, because they had no authority to make the arrests without a warrant for that purpose. Circumstances, however, may arise where it is not only within the power of the police officers, but it is their duty to make arrest without any warrant therefor. In misdemeanor cases the officer may not arrest without a warrant therefor, except where the crime is being committed in his presence, or where he had actual knowledge that the person about to be arrested committed the crime. But in cases amounting to a felony, if the officer believe, and have good reason to believe, that a person has committed, or is about to commit, or is in the act of committing the crime, then he may arrest without a warrant. But the arresting officer must not only have a real belief of the guilt of the person about to be arrested, but such belief must be based upon reasonable grounds. Proper cause for arrest has often been defined to be a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing the accused to be guilty. An officer may not arrest simply because he has some fleeting idea that one may be about to commit a felony, but he must have a reasonable ground for his belief. 2. R. C. L. 446-450; 5 C. J. 398 *et seq.;* 416 *et seq.; State v. Symes,* 20 Wash. 484, 55 Pac. 626. We do not consider it necessary to recite all the facts upon which the sheriff based his belief that the appellants were committing a felony; suffice it to say that the facts bring this case easily within the rule of the authorities. We therefore hold that the appellants were not unlawfully arrested.

But it is contended that, even if the appellants were lawfully arrested, the officers had no right to search

and take from them any of their property whatsoever, except such as was upon their persons, and that, since the liquor in question was not on their persons but was in the automobile which they were driving, the seizure was unlawful. This contention of appellants is mostly based upon some expressions found in the case of *State v. Gibbons,* 118 Wash. 171, 203 Pac. 390. The facts in that case were that the defendant drove his automobile from Spokane to Ritzville, and while the car was stopped in the streets of the latter place the sheriff arrested him while he was still in the car, and charged him with unlawful possession of intoxicating liquor, which, of course, is a misdemeanor. At the time of the arrest, intoxicating liquor was found in the automobile and taken by the officers. The sheriff had no particular reason to suspect that the defendant was guilty of any offense; did not know him; had not had him under surveillance, and had no reasonable basis upon which to form an opinion that the defendant was committing any crime. We held that the arrest was unlawful, and for that reason the seizure of the intoxicating liquor was unlawful. In making our ruling we used the following language:

"We note that the case before us does not involve a search or seizure of whiskey in the home of the appellant; but manifestly the constitutional guaranty that 'no person shall be disturbed in his private affairs, or his home invaded, without authority of law,' protected the person of appellant, and the possession of his automobile and all that was in it, while upon a public street of Ritzville, against arrest and search without authority of a warrant of arrest, or a search warrant, as freely as he would have been so protected had he and his possession been actually inside his own dwelling; that is, his *'private affairs'* were under the protection of this guaranty of the constitution, whether he were within his dwelling, upon the public highways, or wherever he had the right to be."

It has always been held that a peace officer, when he makes a lawful arrest, may lawfully, without a search warrant, search the person arrested and take from him any evidence tending to prove the crime with which he is charged. If a search may be made of the person or clothing of the person lawfully arrested, then it would follow that a search may also be properly made of his grip or suitcase which he may be carrying. From this it seems to us to follow logically that a similar search, under the same circumstances, may be made of the automobile of which he has possession and control at the time of his arrest. This is true because the person arrested has the immediate physical possession, not only of the grips or suit cases which he is carrying, but also of the automobile which he is driving and of which he has control. What was said by us in the *Gibbons* case, *supra*, on this particular question should be read and construed in the light of what we have here said. The whiskey was properly received in evidence because it had been lawfully seized.

Appellants insist that the cause should be reversed because the trial judge commented on the evidence. The state was trying to prove by one of the deputy sheriffs that the contents of the bottles found in the suit case and the sack were whiskey, and some controversy arose between counsel for the respective parties as to the qualification of the witness. The record shows that court and counsel joined in an extensive discussion of this matter, and in making its ruling the court said: "If the witness can say it is whiskey because he has seen it, handled it, looked at it, that is sufficient. If you want to dispute that you can put a chemist on and show that." This does not amount to a comment on the testimony. The court was addressing counsel for the appellants and doing nothing more

than giving his reasons for his ruling, and this he had a right to do. *State v. McDowell,* 61 Wash. 398, 112 Pac. 521, Ann. Cas. 1912C 782, 32 L. R. A. (N. S.) 414; *State v. Surry,* 23 Wash. 655, 63 Pac. 557.

In the same connection, the court, while still addressing counsel, said: ''If they (the jury) believe the testimony of this witness, they could find there was whiskey in that bottle.'' The objection to this expression of the court is answered by what we have said above.

At another time during the trial a question arose as to whether the testimony had shown that the sheriff was possessed of such facts and circumstances as justified him in believing that the appellants were in the act of committing the crime with which they were charged.. The court, in addressing counsel for appellants, and in making his ruling, among other things, said: ''I recollect the testimony of one witness to the effect he practically saw a bottle of whiskey sold by one of those defendants, and the statute defines what that is.'' In the case of *State v. Symes, supra,* speaking of the constitutional provision prohibiting the court from commenting upon the evidence, we said:

''But we do not think it was intended by this provision to prevent the judges from giving counsel the reasons for their rulings upon questions presented during the progress of the trial, or to prohibit them in all cases from stating, when necessary, the facts upon which they base their conclusion.''

We do not find any substantial error in the record; the judgment is affirmed.

MAIN, C. J., MACKINTOSH, HOLCOMB, and MITCHELL, JJ., concur.