[No. 37524. En Banc. May 20, 1965.]

THE STATE OF WASHINGTON, *Respondent*, v. JOSEPH WILFRED
BILOCHE, *Appellant*.*

*John Caughlan,* for appellant.

*Charles O. Carroll* and *Thomas A. Stang,* for respondent.

HUNTER, J.—The defendant (appellant), Joseph Wilfred
Biloche, was charged by the state under an information
alleging that he had received and concealed spark plugs of
a value in excess of $75, knowing the same to have been
stolen. After a jury verdict of guilty, and judgment and
sentence entered thereon, the defendant appeals.

*Reported in 402 P.2d 491.

The sole issue raised by the defendant concerns the trial court's denial of the defendant's motion to suppress certain evidence on the grounds of an unlawful search and seizure thereof.

The facts are as follows: Officer Kirschner, of the narcotics detail of the Seattle Police Department, shortly after 8 o'clock on the evening of July 8, 1963, received information from an informant, known to him to be reliable, that he had seen cases of spark plugs in the defendant's apartment Officer Kirschner thereupon made inquiries at the burglary detail of the Seattle Police Department to determine whether any spark plugs had been reported missing. He discovered that a large number of cases were reported to have been burglarized 3 days previously from the Fremont Electric Company. Officer Kirschner and Officer Henaby, who was also of the narcotics detail, intended to turn the matter over to the burglary detail and begin an unrelated narcotics investigation. However, about 9 o'clock that evening, they received a telephone call from the same informant, who stated: " 'Big Slick' [Vernie Woods] is down here [defendant's apartment] with his car, they are going to move all the stuff right now. You better get down." This information was given to Sergeant Poust, of the burglary detail, who advised that no crews were available at that time.

Officers Kirschner and Henaby, together with a federal narcotics agent, Goven, thereupon proceeded directly to the defendant's apartment. Upon arrival at the apartment building, they recognized Vernie Woods' car parked outside. Officer Kirschner went to the rear of the building to keep it under surveillance. Officer Henaby and Agent Goven walked upstairs to the defendant's three-room apartment. They observed the defendant through the open doorway, standing in the living room fastening his pants. Officer Henaby asked permission to enter and the defendant muttered something, then responded, "Come on in." For security reasons, Officer Henaby checked the bedroom, where he observed Vernie Woods with a female companion, and Agent Goven checked

the kitchen, where he observed the door of a kitchen closet was partially ajar, and, upon opening it, discovered the cases of spark plugs. The cases were thereupon seized.

The evidence is not clear as to whether the defendant was arrested prior to, or after the discovery of the cases of spark plugs. The evidence is clear, however, that the officers went to the apartment for the purposes of arresting the defendant and searching the premises for the reported cases of stolen property, and that prompt action was necessary.

The law is well established in this state, consistent with the decisions of the United States Supreme Court, that evidence unlawfully seized will be excluded, where timely motion for its suppression is made.

The law is equally clear that a search without a warrant may be made incident to an otherwise lawful arrest without a warrant where the arresting officers had reasonable grounds to believe that a felony had been, was being or was about to be committed by the person arrested. *State v. Darst,* 65 Wn.2d 808, 399 P.2d 618 (1965); *State v. Hughlett,* 124 Wash. 366, 214 Pac. 841 (1923); *Ker v. California,* 374 U.S. 23, 10 L. Ed.2d 726, 83 Sup. Ct. 1623 (1963).

We summarize the evidence as to the grounds upon which the officers in the instant case had reason to believe the defendant had committed, or was committing a felony, as follows: (1) The information from an informant, known to them to be reliable, that cases of spark plugs were in the defendant's apartment, (2) the report that cases of spark plugs had been burglarized from the Fremont Electric Company 3 days previously, (3) information that Vernie Woods was at the defendant's apartment for the purpose of moving out the cases of spark plugs, and (4) the discovery of Vernie Woods' car parked in front of the defendant's apartment.

We are satisfied that the foregoing undisputed facts constituted reasonable grounds for the officers to believe that the defendant had committed, or was committing a felony. The search, even assuming it occurred prior

to the arrest, was incident to the arrest and the alleged stolen property was lawfully seized. *People v. Torres,* 56 Cal.2d 864, 366 P.2d 823 (1961); *People v. Ingle,* 53 Cal.2d 407, 348 P.2d 577 (1960); *Willson v. Superior Court,* 46 Cal.2d 291, 294 P.2d 36 (1956); *People v. Simon,* 45 Cal.2d 645, 290 P.2d 531 (1955); *People v. Tyler,* 193 Cal. App.2d 728, 734, 14 Cal. Rptr. 610 (1961); *People v. Holloway,* 230 Cal. App. 2d 834, 41 Cal. Rptr. 325 (1964); *State v. Hutchins,* 43 N.J. 85, 202 A.2d 678 (1964); Annot., 89 A.L.R.2d 715 (1963). Contra, *Hurst v. People,* 211 F. Supp. 387 (N.D. Cal. 1962). See *State v. Brooks,* 57 Wn.2d 422, 357 P.2d 735 (1960). The motion for its suppression from introduction in evidence was, therefore, properly denied.

The judgment of the trial court is affirmed.

ROSELLINI, C. J., HILL, DONWORTH, FINLEY, OTT, HAMILTON, and HALE, JJ., and BARNETT, J. Pro Tem., concur.

---

July 14, 1965. Petition for rehearing denied.