[No. 37676. Department Two. May 5, 1966.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES C. BAKER, *Appellant*.[*]

*Richard E. Kane*, for appellant (Appointed counsel for appeal).

*Charles O. Carroll* and *Thomas A. Stang*, for respondent.

HAMILTON, J.—On October 28, 1964, a neighborhood grocery in the Seattle area was robbed at gun point and the attendant was struck about the face. Two witnesses observed a man run from the scene, get in an automobile

*Reported in 413 P.2d 965.

and drive away. The police were notified of these events and advised of the man's description and of the make, color, and license number of the automobile.

The police immediately traced the ownership of the automobile and soon discovered it parked in front of a house, which, unbeknown to the officers, was occupied by defendant's former wife. The two officers approached the house, observed some suspicious occurrences, knocked on the door, identified themselves, and were admitted by the lady occupant. Upon entering the living room, they observed defendant emerging from another room. They asked him if he was the owner of the automobile parked in front of the house. He said he was. They then asked him if anyone else had driven the vehicle that afternoon. He said no. The officers thereupon placed defendant under arrest and searched his clothing. The search revealed a loaded pistol, some loose rounds of ammunition, $56 in currency, 27 half dollars, and miscellaneous change. These items, together with defendant's hat and jacket, were seized as evidence. The defendant was then taken to the police station where the two witnesses and the grocery store attendant identified him from a "line-up" as the perpetrator of the robbery and assault. At all times immediately following his arrest, defendant refused to make any statements relative to the charge. At the police station he was afforded the opportunity of seeking the advice of counsel.

Formal charges of robbery and assault in the first degree were lodged against the defendant, to which he pleaded not guilty. At trial, he was represented by competent and experienced counsel retained on his behalf. His defense revolved about his testimony that a chance drinking acquaintance, with whom he had toured several bars during the morning and early afternoon of October 28th, must have committed the offenses at a time when he was asleep in the back of the automobile. He did not challenge the validity of his arrest and search, move to suppress any seized evidence, object to the admissibility of the statements made by him immediately before his arrest, or otherwise except

to trial procedures. He was found guilty of the crimes of robbery and assault in the second degree. Judgment and sentence were duly pronounced and entered, from which he appeals.

On appeal, defendant is represented by court appointed counsel, the services of his retained counsel having terminated with the filing of the notice of appeal. Thus, counsel now representing him did not participate in the trial or in the pretrial decisions determinative of the trial strategy employed in his defense.

On appeal, defendant does not question the competence or wisdom of his trial counsel or the manner in which his defense was handled and presented. He is, however, dissatisfied with the result of the trial and seeks, for the first time through his appellate counsel, to challenge the validity of his arrest, the incidental search, and the voluntariness and admissibility of his prearrest statements. Under these circumstances, it could well be deemed that defendant, by foregoing these issues in the trial court, waived any present claim of error or violation of due process concepts. *State v. Vindhurst,* 63 Wn.2d 607, 388 P.2d 552 (1964); *State v. Hammond,* 64 Wn.2d 591, 392 P.2d 1010 (1964); *State v. Lopez,* 67 Wn.2d 185, 406 P.2d 941 (1965).

Aside, however, from the procedural weakness inherent in defendant's assignments of error, we find no merit in his claims.

 The rule in this jurisdiction, as well as elsewhere, has long been that

[I]n cases amounting to a felony, if the [peace] officer believe, and have good reason to believe, that a person has committed, or is about to commit, or is in the act of committing the crime, then he may arrest without a warrant. But the arresting officer must not only have a real belief of the guilt of the person about to be arrested, but such belief must be based upon reasonable grounds. Proper cause for arrest has often been defined to be a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing the accused to be guilty. *State v. Hughlett,* 124 Wash. 366, 368, 214 Pac. 841 (1923).

■ In the instant case, the officers, prior to the arrest of defendant, knew that robbery, a felony, had been committed. They were promptly informed as to the description of the man observed running from the scene and the make, color, and license number of the automobile in which he fled. Their investigation revealed the ownership of the vehicle and its whereabouts within a relatively short time (3 to 5 hours) after the commission of the offense. Their observation of the house near which the automobile was parked prompted suspicion (the shades were drawn and upon approaching the door they observed a man's face fleetingly appear at a window). Upon gaining lawful entry to the house, they had opportunity to observe the defendant and compare his general appearance to that of the description given them. The defendant admitted ownership of the automobile and stated that no one else had driven it during the afternoon. Against this background, we are satisfied the officers had reasonable grounds and probable cause to arrest the defendant. *Cf. State v. Hoffman,* 64 Wn.2d 445, 392 P.2d 237 (1964).

■ The arrest being lawful, it follows that the immediate search of the defendant became lawful and the seizure of the articles in question valid. *State v. Darst,* 65 Wn.2d 808, 399 P.2d 618 (1965). Defendant's constitutional rights in this respect were in nowise violated. A motion to suppress the seized items as evidence had it been interposed would have been properly denied.

Defendant next contends that his prearrest statements concerning ownership and use of the automobile were inadmissible. He says this is so because (1) the officers did not advise him of his constitutional rights to remain silent and consult counsel prior to questioning him relative to the automobile, and (2) the trial court failed to convene a hearing in the absence of the jury to determine admissibility as required by Rule of Pleading, Practice and Procedure 101.20W, RCW vol. 0.

■ It is, and must be, conceded that the statements in issue were made in response to simple prefatory questions posed by the officers at defendant's then abode and

prior to the time he had been taken into any kind of custody, placed under any form of arrest, or made any request for counsel. It is patent, too, from the record that the questions were asked at a time when the crime the officers were investigating was as yet unsolved. Except for the presence of the automobile in the vicinity of the house, the officers had no reasonable basis upon which to predicate a belief that any occupant they might meet in the house either owned or had parked the vehicle in the area. Questioning the defendant as to ownership and use of the vehicle was, under the circumstances, as essential to protecting the defendant from erroneous imputations of wrongdoing as it was to furthering the official investigation. It was only after ownership and possible pertinent use were confirmed in the defendant that it can be said, in any reasonable sense, that the purely investigatory process shifted into any other stage, and from that point on the defendant, acting upon a self proclaimed knowledge of his rights, refused to make any further statements. Furthermore, there is not the slightest itimation in the record, nor is it contended before this court, that the officers exerted any undue influence or that the defendant's answers to the perfunctory questions were in anywise involuntary.

Under the circumstances here present, we can find no constitutional obligation resting upon the officers to advise the defendant of his right to remain silent and to consult counsel prior to asking the questions involved. Conversely, we find no violation of defendant's constitutional rights arising out of the officers' interrogation or in admitting the statements into evidence at the trial.

The remaining contention of defendant, to the effect that the statements became inadmissible solely because the trial court did not conduct a hearing pursuant to RPPP 101.20W, *supra,* is fully answered in *State v. Lopez, supra.*

The judgment is affirmed.

ROSELLINI, C. J., DONWORTH and WEAVER, JJ., and LANGENBACH, J. Pro Tem., concur.