[No. 38776.    Department One.    December 15, 1966.]

THE STATE OF WASHINGTON, *Respondent*, v. FRED HENRY NOLAN, *Appellant*.*

*Robert J. McKanna,* for appellant (Appointed counsel for appeal).

*George A. Kain* and *Matt L. Alexander,* for respondent.

JAMES, J.†—Was the physical evidence admitted at the trial which resulted in the conviction of the defendant of

*Reported in 421 P.2d 679.

†Judge James is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

the crime of burglary in the second degree "the forbidden fruit" of an unlawful search and seizure? By his three assignments of error the defendant asserts that it was. The state responds that, on the contrary, the evidence was the wholesome harvest of good police work.

We are here concerned then with the constitutional restraints (both federal and state) against unreasonable searches and seizures afforded to all in recognition of the fact that such immunity is essential to individual freedom. *Ker v. California,* 374 U.S. 23, 10 L. Ed. 2d 726, 83 Sup. Ct. 1623 (1963).

We have reviewed and applied the principles gleaned from the decisions of the United States Supreme Court in a number of recent cases. *State v. Baker,* 68 Wn.2d 517, 413 P.2d 965 (1966); *State v. Biloche,* 66 Wn.2d 325, 402 P.2d 491 (1965); *State v. Hoffman,* 64 Wn.2d 445, 392 P.2d 237 (1964).

Prior to trial, appellant's timely motion to suppress the evidence was denied by the trial court. Although not without some discrepancies, the evidence offered at the preliminary hearing and at the trial permitted the trial court to find that the essential facts were: A merchant patrolman, Stannard, making his regular rounds in an industrial area of Spokane, routinely "rattle checked" the door of the Chuck Wagon Restaurant at 1 a.m. He found nothing unusual.

At about 3 a.m., Spokane police officers Staudinger and Welch, on prowl car patrol, observed a 1955 Oldsmobile two-door sedan, white over grey in color, occupied by three young men, waiting for the traffic light at the corner of Trent and Ralph streets adjacent to the Chuck Wagon. Officer Welch made a note of the license number. He and his partner had been assigned to patrol the district after a number of break-ins and they considered the presence of the car occupied by three young men in the area at 3 a.m. to be a suspicious circumstance. In addition to noting the general description of the car and license number PEF 029, the officers also observed that one taillight was not burning.

At approximately 3:40 a.m. Merchant Patrolman Stannard noticed an unoccupied 1955 Oldsmobile two-door sedan,

white over grey in color, parked on Trent Avenue near the rear of a wrecking yard a short distance from the Chuck Wagon. Stannard knew of a few cars which were usually parked in this vicinity and the presence of the Oldsmobile aroused his suspicions. He examined the car and noted that the hood was warm. He noted the license number as being CFG 029.

Stannard then went again to check the Chuck Wagon and this time discovered that the rear door had been forced open. Making use of a telephone booth just inside the back door of the Chuck Wagon he called the city police station and reported both the presence and description of the unoccupied parked car and the break in of the restaurant.

This information from Stannard was relayed by radio at approximately 3:45 a.m. to officers Staudinger and Welch who were cruising in the vicinity. Upon reaching the Chuck Wagon, Staudinger and Welch observed that another patrol car had already arrived, so without stopping they started to proceed toward the wrecking yard to check on the reported parked Oldsmobile. They then observed a car turning on to Trent Street making a wide turn fairly fast and leaving the vicinity in a westerly direction.

Staudinger and Welch pursued the car noting that except for the letters of the license, it fit the description of the car described by Stannard as having been parked in the vicinity of the Chuck Wagon. They also recognized it as the car they had observed in the vicinity of the Chuck Wagon at 3 a.m.

The Oldsmobile was stopped. It was occupied by three young men. Appellant was the driver. At this time the officers did not know that anything had been taken from the restaurant. When appellant asked why he had been stopped, Officer Staudinger told him that it was because he had been observed making a wide turn at a high rate of speed. Before the occupants of the car stepped out when directed by the officers, Staudinger noticed six full bottles of beer on the floor of the back seat. A radio report from the other patrol car at the Chuck Wagon informed the officers that

the same brand of beer, a butcher knife and some cigar boxes—one with coins—had been taken. After the occupants got out of the car Staudinger found a long-bladed butcher knife lying in plain sight on the floor boards on the passenger side of the front seat. Appellant and his companions were placed under arrest. Further search of the car then revealed a box of cigars and a cigar box containing coins and loose cigars. All of these items were later identified as having been taken from the Chuck Wagon.

If a police officer has probable cause, *i.e.*, if he believes and has good reason to believe that a person has committed a felony, he may arrest without a warrant. *State v. Baker, supra; State v. Biloche, supra.* The probable cause essential to support a lawful arrest without a warrant is a belief based upon facts within the knowledge of the arresting officer, persuasive enough to convince a judge that a cautious but disinterested man would also believe the arrested party guilty. *State v. Hoffman, supra; State v. Smith,* 56 Wn.2d 368, 353 P.2d 155 (1960); *State v. Hughlett,* 124 Wash. 366, 214 Pac. 841 (1923).

If the arrest was lawful, an incidental search of the automobile of the arrested person is lawful. *State v. Darst,* 65 Wn.2d 808, 399 P.2d 618 (1965); *State v. McClung,* 66 Wn.2d 654, 404 P.2d 460 (1965). Here, the sum of the facts and circumstances which were within the knowledge of the arresting officers clearly establish probable cause. The fact that Officer Staudinger told appellant he was stopped for a traffic offense (the wide turn at high speed) does not bring this case within the rule followed in *State v. Michaels,* 60 Wn.2d 638, 374 P.2d 989 (1962), where a traffic violation was found to be an excuse for stopping and indiscriminately searching a vehicle. The appellant here was in fact stopped because he was prime suspect in a recently committed felony. He was not arrested for a misdemeanor committed in the officers presence as a mere pretext for searching the automobile. Good police work armed the ar-

resting officers with enough facts to support a reasonable belief in the probable guilt of the appellant.

The judgment is affirmed.

ROSELLINI, C. J., HILL, HUNTER, and HALE, JJ., concur.