[Nos. 265-41150-2, 266-41154-2.  Division Two.  December 14, 1970.]

THE STATE OF WASHINGTON, *Respondent,* v. CATHERINE MARIE JOHNSON, *Appellant.*

THE STATE OF WASHINGTON, *Respondent,* v. JOYCE ANN COLEMAN, *Appellant.*

*Phil Mahoney,* for appellants (appointed counsel for appeal).

*Charles O. Carroll, Prosecuting Attorney,* and *James R. Miller, Deputy,* for respondent.

PEARSON, J.—The appellants appeal from convictions of assault in the second degree, arising out of an altercation in

downtown Seattle. The victim, who was a guest at a Seattle hotel, testified that after an evening of drinking, he had set out in search of a restaurant which was still open. As he walked up Fourth Avenue, in an area not generally frequented by prostitutes, he testified he encountered the defendants. Defendant Clark inquired whether he wanted to "have some fun" and when he replied in the negative, she grabbed his wrist and said she wanted money. The victim jerked loose from Miss Clark and threw her to the ground. At this point, Miss Clark suggested to Miss Johnson that she (Johnson) get out her knife and cut the victim's throat. The victim began moving away, down the street, but Miss Clark caught him and they began wrestling, with the victim attempting to keep Miss Clark between himself and Miss Johnson, who by this time had a knife she was slashing with. Miss Johnson ultimately succeeded in wounding the victim three times and he fell down. About this time, a man came running across the street, inquired what the victim was doing to the girls, and kicked the victim. At this point, a police car finally arrived and on seeing the officers, the three people began backing away from the victim. All three people were close together and defendant Clark was seen putting her hands in her pockets. The officers exited their vehicle, ordered the three people to stop, and told defendant Clark to remove her hands from her pockets. As she did so, a closed pocket knife fell to the sidewalk. The male suspect, whose case is not before us, picked up this knife and threw it into the street. The officers then attempted to take the defendants into custody and after a struggle they did so. A knife with a 3-7/16 inch blade was later recovered and subjected to laboratory tests, but the results of these were not offered in evidence. The officers testified that the only knife found at the scene or in searching the defendants was the one recovered in the street. The victim and the defendants all agree that defendant Clark did not ever use any knife in the course of the dispute. The victim consistently referred to the knife-user as the largest defendant—Miss Johnson.

In a joint appeal, the parties have raised several questions. Defendant Clark argues that she ought to have been held for nothing more severe than assault in the third degree and under the evidence, the trial court should have granted a defense motion to reduce the charge against Miss Clark. We cannot agree.

Defendant Clark, we think, could have been held for second-degree assault on either of two hypotheses. RCW 9.01.030 defines principal to include persons who aid and abet the commission of criminal acts. It is clear that evidence was presented which, if believed, established that Miss Clark both aided and abetted the commission of assault in the second degree. *See* RCW 9.11.020; *State v. Brown,* 75 Wn.2d 611, 452 P.2d 958 (1969). The evidence, if believed, was also sufficient to show defendant Clark was guilty of participation in activity sufficient to amount to second-degree assault. *See State v. Johnson,* 23 Wn.2d 751, 162 P.2d 440 (1945).

■ Miss Clark also argues that she ought not to have been held to be armed with a deadly weapon. She argues that error was committed when the trial court submitted to the jury the special verdict form prescribed in RCW 9.95.015, asking for a determination of whether Miss Clark was armed with a deadly weapon during the course of the assault. We think that her possession of the knife directly after the assault constituted evidence from which it could be reasonably inferred that she was armed during the course of the altercation. Even if this is regarded as but circumstantial evidence, we think that it could be a basis for a jury finding that Miss Clark was armed during the altercation. If it is assumed that defendant Clark could properly have requested an instruction telling the jury how they were to weigh circumstantial evidence, *see State v. Green,* 2 Wn. App. 57, 466 P.2d 193 (1970), any error possibly involved therewith was waived by failure to request an instruction or to otherwise raise the matter in the trial court. *State v. Green,* 70 Wn.2d 955, 425 P.2d 913 (1967). By this decision we in no way mean to imply acceptance of

the argument that one who aids or abets one armed with a deadly weapon could be held for being himself armed, within the meaning of RCW 9.95.015.

Defendants raise other assignments of error and we have considered each of them, though these assignments were either not supported by authority, *State v. Robinson,* 75 Wn.2d 230, 450 P.2d 180 (1969), not raised in the trial court, *State v. Green,* 70 Wn.2d 955, 425 P.2d 913 (1967) or were not argued, *State v. Williams,* 49 Wn.2d 354, 301 P.2d 769 (1956). We have found no merit in any of these assignments.

Affirmed.

ARMSTRONG, C. J., and PETRIE, J., concur.